IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| CLARK CORE SERVICES, LLC; and THE WEBSTAURANT STORE, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>J.B. HUNT TRANSPORT INC.; J.B. HUNT TRANSPORT SERVICES, INC.; CYCLE UP SUPPLY CHAIN SERVICES, LLC, n/k/a CUSCS HOLDINGS, LLC; and CONSULTATIVE SALES PROFESSIONALS, LLC, d/b/a CYCLE UP SUPPLY CHAIN SERVICES, LLC,<br><br>    Defendants. | CIVIL ACTION NO.: 4:23-cv-272 |

**O R D E R**

Before the Court is Plaintiffs' Voluntary Dismissal Without Prejudice of Defendant J.B. Hunt Transport Services, Inc. (Doc. 14.) Therein, Plaintiffs, citing Federal Rule of Civil Procedure 41(a)(1)(A)(i), state their intent to dismiss, without prejudice, J.B. Hunt Transport Services, Inc., which has not filed an answer or otherwise appeared in this case. No cross-claims have been asserted against J.B. Hunt Transport Services, Inc., by any co-defendant. (Indeed, no co-defendants have filed any answers or motions in the case at this time.) Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), a plaintiff may dismiss an action by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." See also Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc., 474 F.2d 250, 255 (5th Cir. 1973) ("[R]eading the rules governing dismissal by notice and dismissal by motion together, we conclude that it was intended by the rule-makers to permit dismissal against such of the defendants as have

not served an answer or motion for summary judgment . . . .").[1] Accordingly, all claims against Defendant J.B. Hunt Transport Services, Inc., have been **DISMISSED without prejudice**, and the Court **DIRECTS** the Clerk of Court to update the docket accordingly.

**SO ORDERED**, this 3rd day of November, 2023.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1]  In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.